IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Lee Gordon, | : | |
| Plaintiff | : | Civil Action 2:09-cv-00919 |
| v. | : | Judge Graham |
| Kevin Patrick Durkin, | : | Magistrate Judge Abel |
| Defendant | : | |

**ORDER**

Plaintiff Michael Lee Gordon, an inmate at USP Lewisburg, brings this action against his former criminal defense lawyer alleging malpractice. This matter is before the Court on plaintiff's November 12, 2009 objections to the Magistrate Judge's October 21, 2009 Report and Recommendation that concluded that the complaint fails to state a claim upon which relief may be granted and recommended dismissal of the complaint.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation.

The complaint alleges that defendant Kevin Durkin "did not pursue and question key government witnesses or other matters key to the defense of Mr. Gordon." Complaint, ¶ 5. It further alleges that before trial Durkin reached an understanding or agreement with the prosecutor "regarding the scope of cross-examination of an F.B.I. agent (Kevin Horan); and to not object to the introduction of damaging and very, very critical testimony that would have never otherwise been admitted under any circumstances." *Id.,* ¶ 6.

Plaintiff argues that he is not challenging the fact or duration of his confinement. Gordon maintains that he is challenging the conduct of his former attorney. Plaintiff also argues that he complied with the requisites of Rule 8(a).

After a jury trial, Gordon was convicted for seven Hobbs Act violations, 18 U.S.C. § 1851, and seven counts of using a firearm in seven armed robberies of commercial establishments in violation of 18 U.S.C. § 924(c). The Court sentenced Gordon to 137 years and six months in prison. The convictions were affirmed on appeal. *United States of America v. Michael Lee Gordon,* 238 F.3d 425, 2000 WL 1785905 (6th Cir. November 22, 2000)(unpublished). On November 27, 2001, Gordon filed a petition for postconviction relief. On September 30, 2002, the Court dismissed the petition. On September 17, 2003, Gordon filed a second motion to vacate sentence under 28 U.S.C. § 2255. The Court transferred the petition to the Court of Appeals. On June 8, 2005, the Court of Appeals denied Gordon leave to file a successive petition. Gordon has also filed a number of other, related motions seeking relief from judgment. All have been denied.

Gordon stands convicted of seven Hobbes Act armed robberies and seven § 924(c) violations. Those convictions are *res judicata.* When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Heck v. Humphrey,* 512 U.S. 477, 787 (1994); *Edwards v. Balisok,* 520 U.S. 641, 648 (1997). When a judgment in a civil suit would necessarily imply the invalidity of the petitioner's conviction and incarceration it fails to state a claim. *See, Heck* and *Edwards, above.* The Magistrate Judge properly concluded that

because the complaint alleges that Durkin's actionable conduct caused Gordon to lose life and liberty, a judgment for him would necessarily imply the invalidity of his convictions.

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED.**

Date: December 4, 2009                  s/James L. Graham
                                            James L. Graham
                                            United States District Judge